IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                          **Civil Action No. 1:22-CV-82**
                                                         **(JUDGE KLEEH)**

**CPEP,**

      **Defendant.**

**REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND THAT
MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2] BE DENIED**

On August 31, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against Defendant by which Plaintiff alleges violations of his civil rights. [ECF No. 1 at 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF No. 2] to proceed *in forma pauperis* be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**[1]

---

[1] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. WVU Medical Center, 1:22-CV-70, (6) Brizuela v. Mark Zogby, 1:22-CV-74, (7) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (8) Brizeula v. Highlands Hospital and Michelle Cunningham, 1:22-CV-76, (9) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (10) Brizuela v. KDKA TV, 1:22-CV-83, (11) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and

1

Plaintiff, a resident of the Commonwealth of Pennsylvania and formerly a physician, brings this action against an entity which he alleges is a provider of continuing education courses for physicians. Plaintiff alleges that he took a remedial ethics course offered by Defendant, and that Defendant violated his civil rights by employing an instructor who penalized Plaintiff's for his grammar when English is Plaintiff's second language. More generally, Plaintiff takes issue with that instructor's tone and admonition of Plaintiff for past practices. Plaintiff alleges that Defendant inappropriately gives low scores to participants in its courses so as to force re-enrollment and generate further profits for itself. As a result, Plaintiff alleges, Defendant impeded his medical practice. [ECF No. 1, at 2-3]. Plaintiff makes a handwritten demand for a sum of money which is not entirely certain to the undersigned, but appears to be in the amount of $20,000.00. [ECF No. 1, at 1].

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District.[2] He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of

---

Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to some of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[2] The undersigned gives Plaintiff the benefit of the doubt that venue is proper in this Court, even though Plaintiff currently is a Pennsylvania resident and the claims he seeks to bring would be against what appears to be a Defendant headquartered in Colorado. Under 28 U.S.C. 1391(b)(2), venue is proper in the District where "a substantial part of the events or omissions giving rise to the claim occurred. . .". For the sake of the initial screening, the undersigned assumes that Plaintiff was located in this District or otherwise had sufficient contacts with this District to have suffered alleged injury here. The undersigned further gives Plaintiff the benefit of the doubt that jurisdiction is proper in federal court, in that Plaintiff seeks to lodge federal question claims, albeit poorly articulated ones.

Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Two in Criminal Action No. 1:18-CR-1.[3] Plaintiff was sentenced to imprisonment for a term of time served, followed by three years of supervised release. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

As for the substance of Plaintiff's claims in the instant matter, they are terse and conclusory in fashion. He alleges violation of civil rights, invoking, quite broadly, Title VII of the Civil Rights Act of 1964. Title VII is, principally, an enforcement mechanism for claims about employment discrimination by employers. It is not clear from Plaintiff's Complaint and associated materials how an employer or prospective employer is at issue in the context of a continuing education provider.

Plaintiff includes a single-spaced, densely-worded, and wide-ranging narrative [ECF No. 1, at 2-3] which appears to be correspondence addressed to Defendant itself. This narrative is a rambling account about his professional trajectory; the insults he felt resulting from the continuing education course noted above; the faults he finds in the aforementioned criminal prosecution; and the toll on his finances and impediment to making a living.

---

[3] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

Finally, in conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On August 31, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform these screenings before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably

4

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom*. Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged him in any way such that he can maintain cognizable causes of action. By the above-noted, accompanying narrative (which appears to be correspondence directed at Defendant, and not necessarily a component of a well-pleaded complaint), Plaintiff accuses Defendant of taking measures which adversely impacted his career as a physician – namely, in penalizing Defendant unnecessarily for poor English grammar when Defendant's second language is English, and otherwise behaving toward Defendant in a derogatory fashion and wrongly handling Plaintiff's continuing education course. He also accuses Defendant of improperly forcing participants to re-enroll in its courses. Yet, in review of the narrative, one is left wondering how Plaintiff alleges that Defendant acted contrary to any provision at law – constitutional, statutory, regulatory, common law, or otherwise.

Plaintiff does not articulate facts in support of cognizable claims or cite to appropriate authority in support of such claims. Plaintiff makes a passing citation, as noted above, to Title VII of the Civil Rights Act of 1964. However, he does nothing to specify how this is an avenue for relief in this matter, nor can he. This statutory scheme pertains to allegedly discriminatory employment and/or hiring practices. The claims typically involve employees or applicants for employment alleging discrimination by employers on the basis of such characteristics as race, color, national origin, sex, and religion. See 42 U.S.C. § 2000e, et seq. Plaintiff does nothing to show how it applies in this context – namely, his allegations arising from an entity's providing professional continuing education courses to him. Plaintiff cites no developments in statutory or caselaw to demonstrate that Title VII has been expanded to apply in the situation of which he complains. The undersigned is aware of no such authority.

More to the point, Plaintiff does not explain how the actions of Defendant's employee amounts to a civil rights violation of any sort, let alone how it meets the specific requirements of maintaining an action under Title VII. As such, Plaintiff does not articulate what legal obligation or duty Defendant had with respect to him; does not explain how Defendant's actions or failures to act were the reason for any compensable harm; and does not explain how anything which Defendant did or failed to do entitles him to any relief. To be sure, Plaintiff claims damages in the form of lost income and expenditure of monies to enroll in Defendant's courses, but does not provide any specificity, rooted in law, about how Defendant contravened civil rights protections which led to compensable loss.

At bottom, the undersigned finds that the Complaint and accompanying materials, by which Plaintiff attempts to propound legal claims, simply do not contain sufficient factual allegations giving rise to cognizable claims. Plaintiff fails to specify how his factual allegations

meet the elements of any type of claim under Title VII. Thus, Plaintiff articulates no legal causes of action which he can sustain.

To summarize, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. At bottom, then, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and citations to authority in related attachments), as currently written, are without foundation in fact and do not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge against it or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by the Defendants giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV.   RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1],

should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 20, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE